UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERENCE HAGBERG,<br><br>                             Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC et al.,<br><br>                            Defendant. | Case No.: 19cv2379 L (MDD)<br><br>ORDER REMANDING ACTION TO STATE COURT |

    Defendant Specialized Loan Servicing, LLC ("Specialized") removed this wrongful foreclosure action from State court pursuant to 28 U.S.C. §§1332 and 1441. For the reasons stated below, the action is remanded.

    "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing removal jurisdiction is on the removing party. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-85 (9th Cir. 2006).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . .." 28 U.S.C. § 1441(a). The notice of removal is based on 28 U.S.C. §1332. Under section 1332(a), original jurisdiction exists in cases of complete diversity, where the amount in controversy exceeds $75,000 and there is complete diversity, *i.e.*, where each plaintiff is a citizen of a different state from each defendant.

Three Defendants have been named in this action, Specialized, Affinia Default Services, LLC ("Affinia") and Mortgage Electronic Registration Systems, Inc. (MERS").

Specialized did not sufficiently allege the citizenship of Affinia and MERS. Affinia is a limited liability company. (Doc. no. 1 at 3; doc. no. 1-2 at 80-81.)[1] The citizenship of a limited liability company for purposes of diversity jurisdiction is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage. L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). Because Specialized has not provided any information about Affinia's members' the Court cannot determine whether Affinia is diverse from Plaintiff, who is a California citizen (doc. no. 1 at 3).

Specialized also alleges that MERS was incorporated in Delaware. (*Id.* at 3; doc. no. 1-2 at 83.) As relevant here for purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1). Plaintiff alleged MERS's state of incorporation and failed to allege its principal place of business. (Doc. no. 1 at 3; doc. no. 1-2 at 83.) The Court therefore cannot determine whether MERS is diverse from Plaintiff.

For the foregoing reasons, the notice of removal fails to establish federal jurisdiction. "If at any time before final judgment it appears that the district court lacks

---

[1] Page numbers are assigned by the electronic case filing system.

2

19cv2379 L (MDD)

subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This action is therefore remanded to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

Dated: December 30, 2019

_____
Hon. M. James Lorenz
United States District Judge